UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK CLEMENTS and CYNTHIA CLEMENTS,

                    Plaintiffs,                    5:26-cv-00985 (BKS/CBF)

v.

ELIZABETH ROSE SHAPIRO and ANGUS BROWN
DEARDOFF,
                    Defendants.

---

**Appearances:**

*For Plaintiffs:*
Peter J. Addonizio
Catalano Law
2401 Burnet Avenue
Syracuse, NY 13206

*For Defendants:*
Jeremy Kevin Moldovan
Barker Patterson Nichols, LLP
300 Garden City Plaza, Suite 100
Garden City, NY 11530

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiffs, Mark Clements and his wife, Cynthia Clements, commenced this action in the
Supreme Court for the State of New York, Onondaga County, against Defendants Elizabeth Rose
Shapiro and Angus Brown Deardoff, asserting state law claims for negligence and loss of
consortium arising from a motor vehicle accident on October 6, 2025. (Dkt. No. 2). Defendants
filed a notice of removal pursuant to 28 U.S.C. § 1441 on May 1, 2026. (Dkt. No. 1). Presently
before the Court is Plaintiffs' motion to remand this action to the state court pursuant to 28

U.S.C. § 1447(c). (Dkt. No. 4). The motion has been fully briefed. (Dkt. Nos. 4, 5, 8). For the reasons that follow, Plaintiffs' motion is granted.

## II.    BACKGROUND

Plaintiffs' verified complaint alleges that on October 6, 2025, Defendant Shapiro, who was driving a car, entered into Mr. Clements's lane of travel while he was driving his motorcycle, which "caused a serious collision between [Defendant Shapiro's] vehicle and [Mr. Clements's] motorcycle, at which time [Mr. Clements] suffered severe and permanent personal injuries." (Dkt. No. 2, ¶ 7). Plaintiffs bring state law negligence and loss of consortium claims against Defendant Shapiro and Defendant Deardoff, who owns the vehicle Defendant Shapiro was driving. (*See* Dkt. No. 2).

## III.    STANDARD OF REVIEW

"Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction 'may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending.'" *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (quoting 28 U.S.C. § 1441(a)). "Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship." *Id.*

Section 1447 provides the mechanism for remand to state court:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (quoting *Hodges v. Demchuk*, 866 F.

Supp. 730, 732 (S.D.N.Y. 1994)). "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Macklin v. Lexington Ins. Co.*, No. 20-CV-05372, 2020 WL 5796814, at *2, 2020 U.S. Dist. LEXIS 179427, at *5 (S.D.N.Y. Sep. 29, 2020).

## IV.    DISCUSSION

Defendants removed this action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000 and that the parties are citizens of different States. (Dkt. No. 1, ¶¶ 3–4). However, the notice of removal states that all parties are residents of the state of Florida. (*Id.* at ¶ 3).

Plaintiffs move to remand this action because "the Complaint filed in State Court confirmed that both Plaintiffs and Defendants reside and are citizens of Florida," and that "[b]ecause the parties are non-diverse, the Court lacks subject matter jurisdiction." (Dkt. No. 4-3, at 4–5). Defendants respond that the notice of removal's allegation regarding Plaintiffs' citizenship in Florida "was a typographical error," and allege that Plaintiffs are residents of New York. (Dkt. No. 5, ¶ 8). In support, Defendants attached the New York State Department of Motor Vehicles Police Accident Report which identifies Mr. Clements's address in Syracuse, New York, (*see* Dkt. No. 5-1, at 1).

Plaintiffs reply that "[d]efense counsel had it right the first time in his Notice of Removal: all plaintiffs and defendants are, in fact, residents and citizens of Florida, and were at the time of the crash and the time of the filing of the Complaint in State Court." (Dkt. No. 8, ¶ 4 (emphasis omitted)). Plaintiffs support their argument with an affidavit from Mr. Clements, which specifies "details of plaintiffs establishing residency in Florida long before the crash and filing of the initial Complaint." (*Id.* at ¶ 5).

3

Mr. Clements's affidavit states that "[o]n the date of both [his] motorcycle crash (October 6, 2025), and the date [his] complaint was filed . . .  (February 18, 2026), [he] was a citizen and resident of the State of Florida." (Dkt. No. 8-1, ¶ 3). Plaintiffs closed a sale on a home in Florida—where they now reside— on May 28, 2025. (*Id.* at ¶¶ 2, 8). They received Florida driver's licenses on June 23, 2025, and also registered to vote in Florida. (*Id.* at ¶ 7; *see also* Dkt. No. 8-2, at 2). Plaintiffs notified their local tax office in Florida of their move at or about that time. (Dkt. No. 8-1, ¶ 11). While Mrs. Clements moved to their Florida home sometime in the course of these events, Mr. Clements "stayed briefly for a few days, then [he] went back to New York to [Plaintiffs'] Syracuse home until the home sold on September 25, 2025." (*Id.* at ¶ 9). Mr. Clements notified his local post office branch to cease delivery of the mail to the New York residence on or about October 1, 2025. (*Id.* at ¶ 12).

The diversity jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For the latter requirement, "'complete' diversity is required—all parties on one side of the action must be citizens of a different state from each of the parties on the other side. *Castillo v. BJ's Wholesale Club*, 645 F. Supp. 3d 85, 89 (E.D.N.Y. 2022) (citing *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409, F.3d 73, 80 (2d. Cir. 2005)).).

To determine the existence of federal diversity jurisdiction, courts apply "a 'time-of-filing rule' that 'measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing [the action].'" *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 95–96 (E.D.N.Y. 2019) (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004)). "An individual's citizenship, within the

meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (alteration in original) (quoting *Palazzo ex rel. Delmage v. Corrio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Finnegan*, 409 F. Supp. 3d at 96 (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)). "The distinction between residence and domicile is an important one; a defendant may have multiple residences, but can only retain one place of domicile." *Morgan v. Jacques*, No. 08-CV-00064, 2010 WL 11537862, at *2, 2010 U.S. Dist. LEXIS 158930, at *4 (D. Vt. June 8, 2010) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914) and *Palazzo*, 232 F.3d at 42)).

Accordingly, "residence alone is insufficient to establish domicile for jurisdictional purposes," *Van Buskirk*, 935 F.3d at 54, but "it is prima facie evidence of domicile," *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446–47 (S.D.N.Y. 2014). Other factors to consider when determining an individual's domicile include: "voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 184 (E.D.N.Y. 2022) (quoting *Kennedy*, 633 F. Supp. 2d at 81)). "No single factor is conclusive and the determination is made based upon the totality of the circumstances." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 456 (W.D.N.Y. 2011); *see also Finnegan*, 409 F. Supp. at 96.

"If a party argues that there has been a *change* in domicile, that party 'implicates the venerable rule that "[w]here a change of domicile is alleged, the burden of proof results upon the

5

party making the allegation"'" by clear and convincing evidence. *Finnegan*, 409 F. Supp. at 97 (emphasis in original) (quoting *Herrick Co. v. SCS Comm'ns, Inc.*, 251 F.3d 315, 323 (2d Cir. 2001)); *Palazzo*, 232 F.3d at 42. "To effect a change in domicile, two elements are required: (1) residence in a new domicile; and (2) the intention to remain there indefinitely." *Ceglia*, 772 F. Supp. 2d at 456.

At the time the verified complaint was filed on February 18, 2026, it appears that Plaintiffs resided in Florida. (*See* Dkt. No. 8-1, ¶¶ 8–9 (stating that at or around the time when Plaintiffs purchased a home in Florida on May 28, 2025, "[Mrs. Clements] moved there."); *id.* at ¶ 9 (stating that Mr. Clements "stayed [at the Florida residence] briefly for a few days, then [he] went back to New York to [Plaintiffs'] Syracuse home until the home sold on September 25, 2025)). More importantly, Plaintiffs have presented sufficient evidence that they intended to remain in Florida indefinitely. Plaintiffs purchased a home in Florida, where they currently reside, in May 2025. (*Id.* at ¶¶ 2, 8). They obtained Florida driver's licenses and registered to vote in Florida the next month. (*Id.* at ¶ 7, Dkt. No. 8-2, at 2). Around the same time, they notified their local tax office in Florida about their move to Florida. (Dkt. No. 8-1, ¶ 11). They sold their home in New York in September 2025. (*Id.* at ¶¶ 4–5). All of these events occurred before Plaintiffs filed their verified complaint. Together, these facts are sufficient to show that Plaintiffs changed their domicile to Florida.[1] Accordingly, because all of the parties are citizens of Florida, and were citizens of Florida at the time Plaintiffs filed their verified complaint, Plaintiff's motion to remand is granted.

---

[1] Plaintiffs ask for oral argument to address "the inadvertent typographical error" in their notice of removal and "the record evidence establishing diversity jurisdiction." (Dkt. No. 7). Because the Court has carefully reviewed the record evidence and finds that the facts contained in Mr. Clements's affidavit are sufficient to show that Plaintiffs are citizens of Florida, the Court does not find that a hearing on the issue would be of assistance, and that request is denied.

## V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to remand (Dkt. No. 4) is **GRANTED;** and it is further

**ORDERED** that this action is **REMANDED** to the Supreme Court of the State of New York, Onondaga County under Index No. 001812/2026; and it is further

**ORDERED** that the Clerk of Court shall mail a certified copy of this Memorandum-Decision and Order to the clerk of the Supreme Court of the State of New York, Onondaga County.

**IT IS SO ORDERED.**

Dated:    June 18th, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

7